# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

JASON ERIC TRIPLETT,

        Defendant-Appellant.

FOR PUBLICATION
February 19, 2015
9:10 a.m.

No. 318051
Allegan Circuit Court
LC No. 12-018016-FH

Before: BECKERING, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

During a late-night altercation with two men who intervened after witnessing defendant's apparent assault of his wife, defendant pulled out a knife. Although defendant was acquitted of felonious assault against these Good Samaritans on self-defense grounds, a jury convicted him of domestic assault, MCL 750.81(2), and carrying a concealed weapon (CCW), MCL 750.227. Defendant contends that his CCW conviction must be reversed because the trial court affirmatively instructed the jury that the defense did not apply. Self-defense is not an available defense to a CCW charge. We therefore affirm.

## I. BACKGROUND

On the evening of the offense, defendant and his wife had attended at a party. They agree that the wife was irate when defendant forced her to return home. The wife was extremely intoxicated and left the couple's home on foot to return to the party. Shortly thereafter, defendant followed her in a vehicle. Defendant and his wife admitted that they engaged in a shoving match in the roadway when the wife refused to enter defendant's vehicle. Two men driving down the road witnessed this scuffle and, believing defendant was the aggressor, stopped to assist the wife. They offered the wife a ride and she entered their vehicle. Defendant attempted to explain the situation and remove his wife from the car, but one of the men stopped him. Defendant and the man then began to struggle. Defendant asserted that the man tried to choke him and so he pulled out a knife to protect himself. He described the weapon as a utility knife with a two-inch blade. Defendant's wife corroborated his version of events. The jury apparently accepted defendant's claim that he wielded the knife to protect himself from the man who believed he was intervening to protect a woman from assault. But the jury did not accept defendant's explanation for the domestic assault and CCW charges.

-1-

## II. ANALYSIS

Defendant contends that the trial court erroneously instructed the jury that self-defense is not a defense against a CCW charge. Specifically, after instructing the jury on the elements of the CCW offense, the court described, "It does not matter if the defendant was carrying a weapon for his own protection. Self defense is not a defense to the charge of carrying a concealed weapon." This instruction was consistent with M Crim JI 11.8. The court immediately informed the jury that it could consider self-defense and defense of others in relation to the felonious assault charges.

Self-defense is an affirmative defense that admits but excuses the commission of a criminal offense. *People v Dupree*, 486 Mich 693, 704 n 11; 788 NW2d 399 (2010). Defendant invites us to extend the holdings in two recent Michigan Supreme Court cases regarding the use of self-defense. In *Dupree*, the Supreme Court held that common-law self-defense may be relied upon to justify a felon-in-possession-of-a-firearm offense. *Id.* at 696. In *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012), the Court concluded that a person may lawfully resist an illegal arrest, i.e. use self-defense against law enforcement.

However, this Court previously has ruled that self-defense is not a defense to CCW. *People v Townsel*, 13 Mich App 600, 601; 164 NW2d 776 (1968). And in *People v Hernandez-Garcia*, 477 Mich 1039, 1039-1040; 728 NW2d 406 (2007), the Supreme Court similarly ruled that "momentary innocent possession of a concealed weapon is not a defense" to a CCW charge. The Court reasoned that because the *mens rea* requirement of MCL 750.227 does "not extend to the defendant's purpose for carrying the concealed weapon," a defendant's purpose for concealing a weapon is irrelevant and cannot be a defense against CCW. *Id.* at 1040 n 1. This rationale extends to the application of self-defense to a CCW charge. Because a defendant's purpose for concealing a weapon cannot be a defense against CCW, then it would be no defense if a defendant concealed a weapon for the purpose of self-defense.

Given this Court's decision in *Townsel* and the Supreme Court's analysis in *Hernandez-Garcia*, we decline defendant's invitation to extend *Dupree* and *Moreno* in the current case. Therefore, we cannot fault the trial court for its instruction.

Defendant also contends that defense counsel was ineffective for failing to object to the trial court's instruction. Counsel cannot be deemed ineffective for failing to raise a novel legal argument, *People v Reed*, 453 Mich 685, 695; 556 NW2d 858 (1996), or failing to make a futile objection. *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007).

We affirm.

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher