PEOPLE v TRIPLETT

Docket No. 151434. Decided March 28, 2016.

Jason E. Triplett was tried by jury in the Allegan Circuit Court for domestic violence, MCL 750.81(2), carrying a concealed weapon (CCW), MCL 750.227(1), and felonious assault, MCL 750.82. The charges arose after he threatened to use his utility knife to escape from two men who had stopped their vehicle when they spotted defendant and his wife fighting on the side of the road. The court, Kevin W. Cronin, J., instructed the jury that self-defense was a defense to the charge of felonious assault but that it was not a defense to the charge of CCW. Defendant was acquitted of felonious assault, but he was convicted of domestic violence and CCW. Defendant appealed in the Court of Appeals, and the Court of Appeals, BECKERING, P.J., and BORRELLO and GLEICHER, JJ., agreed that self-defense was not a defense to CCW. 309 Mich App 252 (2015). Defendant appealed.

In an opinion per curiam signed by Chief Justice YOUNG and Justices MARKMAN, ZAHRA, McCORMACK, VIVIANO, and BERNSTEIN, the Supreme Court *held*:

The common-law affirmative defense of self-defense is available to a defendant who carries an instrument that becomes an "other dangerous weapon," for purposes of the CCW statute, when the defendant uses the instrument as a weapon.

In this case, the trial court improperly instructed the jury that the affirmative defense of self-defense did not apply to the charge of CCW, and the Court of Appeals erred by approving of the trial court's instruction. Defendant's utility knife became an "other dangerous weapon" when defendant used it as a weapon, and defendant was entitled to present the affirmative defense of self-defense to justify his use of the utility knife. Contrary to the Court of Appeals' conclusion that a defendant's purpose for concealing an "other dangerous weapon" is irrelevant to the defendant's culpability for CCW, the Supreme Court held that a defendant's use or purpose for carrying an "other dangerous weapon" is always relevant to determining a defendant's guilt of CCW.

Reversed and remanded. CCW conviction vacated.

Justice LARSEN took no part in the decision of this case.

CRIMINAL LAW — UNLAWFULLY CARRYING A CONCEALED WEAPON — DEFENSES —
SELF-DEFENSE.

> The common-law affirmative defense of self-defense may be raised
> by a defendant charged with unlawfully carrying a concealed
> weapon under MCL 750.227 for concealing an instrument that is
> a dangerous weapon only because it was used as a weapon.

*Bill Schuette*, Attorney General, *Aaron D. Lind-
strom*, Solicitor General, *Frederick Anderson*, Pros-
ecuting Attorney, and *Judy Hughes Astle*, Assistant
Prosecuting Attorney, for the people.

State Appellate Defender (by *Michael L. Mittlestat*)
for defendant.

PER CURIAM. We consider in this case whether the
common-law affirmative defense of self-defense is
available to a defendant charged with carrying a
concealed weapon (CCW), MCL 750.227, when the
concealed weapon is an "other dangerous weapon." The
defendant was convicted of CCW under MCL
750.227(1) for carrying an "other dangerous weapon"
concealed on his person when he used a utility knife as
a weapon. Contrary to the Court of Appeals' determi-
nation, we conclude that the common-law affirmative
defense of self-defense is available to a defendant
charged with CCW for concealing an instrument which
is a dangerous weapon only because it is used as a
weapon. Accordingly, we reverse the judgment of the
Court of Appeals, vacate the defendant's CCW convic-
tion, and remand for further proceedings consistent
with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2012, the defendant and his wife
attended a party together, but they disagreed about

when to leave. The defendant's wife was intoxicated and angry when the defendant insisted they leave before she was ready. Shortly after returning home over her objection, the defendant's wife left their home on foot to return to the party. The defendant followed her in his truck, hoping to persuade her to return home. When his wife refused to get back into the defendant's truck, they engaged in a shoving match on the side of the road.

Two men driving by observed the struggle and stopped to assess the situation. They offered the defendant's wife a ride, and she got into the back seat of their vehicle. The defendant attempted to intervene and to remove his wife from the car, but one of the men stopped him. According to the defendant, the man choked him, and the defendant responded by pulling out a utility knife with a two-inch blade, which he held in the air and threatened to use if the man did not let go. When they broke free from each other, the two men left the scene with the defendant's wife and called 911. The defendant, who also left the scene, was arrested at his home.

The defendant was charged with felonious assault, CCW, and domestic violence, and the case was tried to a jury. The trial court instructed the jury that self-defense was an available defense to the defendant's felonious assault charge but that it was not an available defense to the CCW charge. The jury found the defendant not guilty of the felonious assault charge, but convicted him of CCW and domestic violence.

The defendant appealed, arguing that the trial court erred by instructing the jury that self-defense was not an affirmative defense to a charge of CCW and that his trial counsel was ineffective by failing to object to the

instruction. The Court of Appeals affirmed and held that self-defense is not a defense to a CCW charge, reasoning that a defendant's purpose for concealing a weapon is irrelevant, and therefore a self-defense purpose for using the weapon is not a defense to a CCW charge.[1] The defendant sought leave to appeal in this Court.

## II. ANALYSIS

The defendant was charged and convicted of CCW under MCL 750.227(1), which provides:

> A person shall not carry a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or *any other dangerous weapon*, except a hunting knife adapted and carried as such, concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land possessed by the person. [MCL 750.227(1) (emphasis added).]

The defendant was not alleged to have possessed any of the weapons specifically identified in the statute; instead, the prosecution had to prove that the utility knife carried by defendant was an "other dangerous weapon."

We first addressed the characteristics of an "other dangerous weapon" in *People v Goolsby*, 284 Mich 375; 279 NW 867 (1938), in the context of our felonious assault statute.[2] We held that the statute penalized a

---

[1] *People v Triplett*, 309 Mich App 252; 870 NW2d 333 (2015).

[2] The statute at that time defined felonious assault as follows:

Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder,

felonious assault by use of dangerous weapons per se, which "carry their dangerous character because so designed and are, when employed, *per se*, deadly," as well as "other instrumentalities [that] are not dangerous weapons unless turned to such purpose." *Id.* at 378. We explained that the test to determine if an instrument is an "other dangerous weapon" is "whether the instrumentality was used as a weapon and, when so employed in an assault, [was] dangerous." *Id.* We later extended this definition of "other dangerous weapon" to the CCW statute at issue in this case in *People v Vaines*, 310 Mich 500, 506; 17 NW2d 729 (1945), explaining:

> We are convinced that the legislature intended the words "other dangerous weapon," as used in section 227, to mean any concealed article or instrument which the carrier used, or carried for the purpose of using, as a weapon for bodily assault or defense. The legislature certainly did not intend to include as a dangerous weapon the ordinary type of jackknife commonly carried by many people, unless there was evidence establishing that it was used, or was carried for the purpose of use, as a weapon.[3]

It follows from *Vaines* that to convict an individual for violating MCL 750.227(1) for carrying an instrument that is not a dangerous weapon per se, the evidence must show that a defendant used the instrument, or was carrying the instrument for the purpose of use, as a weapon. *Id.*

---

and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony.

[3] We recognize that *Vaines* interpreted "other dangerous weapon" to mean "any concealed article or instrument which the carrier *used,* or *carried for the purpose of using,* as a weapon," 310 Mich at 506 (emphasis added), while MCL 750.227(1) does not refer to "use" and refers only to whether the instrument was "carr[ied]." Because defendant does not ask us to consider whether *Vaines* correctly interpreted that aspect of the statute, we decline to do so sua sponte.

The parties do not dispute that the defendant was charged with CCW under MCL 750.227(1) for possessing an instrument that was an "other dangerous weapon" only because it was used as a weapon. Likewise, there is no dispute that, absent a viable affirmative defense, the evidence supported the defendant's conviction for CCW; the defendant concedes that he used the utility knife as a weapon but insists that his use was justified. As a general matter, a defendant who asserts the affirmative defense of self-defense "admits the crime but seeks to excuse or justify its commission." *People v Dupree*, 486 Mich 693, 704 n 11; 788 NW2d 399 (2010).

We have not explicitly addressed whether an individual charged with CCW can assert the common-law affirmative defense of self-defense to justify his or her carrying of an instrument that becomes a dangerous weapon when he or she uses it as such. And MCL 750.227 does not address whether the common-law affirmative defense of self-defense is available for the crime of CCW. But the absence of a clear statutory recognition of the defense does not necessarily bar a defendant from relying on the defense to justify his violation of the statute. See *Dupree*, 486 Mich at 705. To the contrary, in *Dupree*, we clearly held that self-defense was an available affirmative defense to a felon-in-possession charge under MCL 750.224f when the felon's temporary possession of a firearm was the result of an attempt to repel an imminent threat. *Id.* at 706. We did not read that statute's silence as to self-defense to indicate a legislative intent to make the defense unavailable; rather, we concluded that "[a]bsent some clear indication" in the statute that the Legislature abrogated the firmly embedded common-law affirmative defense of self-defense, the defense

remains available to a defendant "if supported by sufficient evidence." *Id.* at 706.

In this case, there is no "clear indication" that the Legislature abrogated or modified the common-law affirmative defense of self-defense in the CCW statute such that defendant would be precluded from asserting it to justify his actions. Thus, we conclude that the defendant should have been allowed to present self-defense as an affirmative defense to his CCW charge. The actions that resulted in the defendant's violation of the CCW statute were the same as those that resulted in his charge of assault, which he explained were justified because he acted in lawful self-defense. Unless the prosecution disproved beyond a reasonable doubt his claim of self-defense, the defendant was justified in violating the CCW statute as well as the assault statute.

The Court of Appeals erroneously reasoned that a defendant's purpose for concealing a weapon is irrelevant to determining a defendant's guilt for violating the statute.[4] Concealing an instrument that is charged

---

[4] The Court of Appeals misunderstood our holding in *People v Hernandez-Garcia*, 477 Mich 1039; 728 NW2d 406 (2007). In *Hernandez-Garcia*, we held that the affirmative defense of momentary innocent possession was not available for violating MCL 750.227(2), which prohibits the knowing possession of an unlicensed concealed firearm where the defendant disarmed a wrongful possessor of a firearm but failed to immediately turn the firearm over to the police. See *id.* at 1040. *Hernandez-Garcia* simply does not offer any guidance on whether the defense of self-defense is available to justify violating MCL 750.227(1) where the defendant's violation is based on the use or purpose for carrying an "other dangerous weapon."

Moreover, the Court of Appeals' reliance on *People v Townsel*, 13 Mich App 600; 164 NW2d 776 (1968), which held that carrying a concealed weapon for "self-protection" is not a defense to a CCW charge, was misplaced. *Townsel* is distinguishable because it does not appear that it involved a claim of self-defense.

as an "other dangerous weapon" under MCL 750.227(1) violates the statute only when a defendant in fact uses it as a weapon. See e.g., *Goolsby*, 284 Mich at 378; *Vaines*, 310 Mich at 506. Thus, a defendant's use or purpose for carrying an "other dangerous weapon" is always relevant to determining a defendant's guilt under MCL 750.227(1).

We hold, therefore, that the affirmative defense of self-defense is available to a defendant charged with violating MCL 750.227(1) when a concealed instrument becomes a dangerous weapon when the defendant uses it as such. While the defendant's utility knife became an "other dangerous weapon" under MCL 750.227(1) when he used it as a weapon, the defendant was entitled to present the affirmative defense of self-defense to justify his use of it. We conclude that the trial court's instruction that self-defense was not available to the defendant with respect to his CCW charge amounted to plain error that affected the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Accordingly, we reverse the judgment of the Court of Appeals, vacate the defendant's CCW conviction, and remand to the trial court for further proceedings consistent with this opinion.

YOUNG, C.J., and MARKMAN, ZAHRA, MCCORMACK, VIVIANO, and BERNSTEIN, JJ., concurred.

LARSEN, J., took no part in the decision of this case.