*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID CARL BARRETT,

Defendant-Appellant.

UNPUBLISHED
February 11, 2020

No. 345821
Washtenaw Circuit Court
LC No. 16-000777-FH

Before: FORT HOOD, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his bench trial conviction of assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to three years' probation, and ordered defendant to pay fees and court costs. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant and his neighbor, Robert Douglass, had a dispute over where their adjoining property line was located, which led to litigation. During the litigation, on July 21, 2016, Douglass had his property surveyed. The surveyors placed 3-foot wooden laths[1] at intervals to mark the property line.

Douglass testified at trial that while he was accompanying the surveyors, defendant watched and "hollered" at him and the surveyors; at some point, defendant reached for one of the laths, prompting Douglass to also reach for it and to tell defendant not to remove it from the ground. Douglass testified that defendant reached the lath first, pulled it from the ground, and swung it "back like a baseball bat," hitting him in his back, and then threw the lath into Douglass's yard before walking away.

---

[1] The parties describe the laths as wooden sticks or stakes.

-1-

Guy Hodges, a surveyor, witnessed the incident through a magnification scope from approximately 600 feet away. His testimony corroborated Douglass's testimony, indicating that defendant had approached the lath, pulled it out, and hit Douglass with it. Hodges testified that defendant took a "full swing" with the lath.

Defendant testified and admitted to striking Douglass with the lath. But while he admitted that he had heard Douglass approaching, he also testified that he stuck Douglass because he "didn't know what was happening" and he "didn't know who was attacking" him or why. Defendant also testified that he was afraid of Douglass because "he drinks every day, and he smokes every day, and he does stuff off the wall," and recounted an earlier incident in which Douglass allegedly had tried to run him over with a tractor.

The lath incident was recorded by video cameras that defendant had installed on his house. The trial court viewed the recording.

Defendant's counsel argued at trial that the lath was not a "dangerous weapon" under MCL 750.82 and that he had acted in self-defense. The trial court convicted and sentenced defendant as described. This appeal followed.

## II. FAILURE TO ADDRESS SELF-DEFENSE

Defendant argues that the trial court erred by not making explicit factual findings regarding his claim of self-defense, and by not explicitly stating that it found that the prosecution had carried its burden of proving that defendant did not act in self-defense. We disagree. We review for clear error a trial court's findings of fact after a bench trial. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). A trial court's findings are "clearly erroneous when, although there is evidence to support [them], the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*.

MCR 6.403 provides that for bench trials in criminal cases "[t]he court must find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment. The court must state its findings and conclusions on the record or in a written opinion made a part of the record." A trial court's factual findings "are sufficient as long as it appears that the trial court was aware of the issues in the case and correctly applied the law." *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992). "The court need not make specific findings of fact regarding each element of the crime." *Id*. "A court's failure to find the facts does not require remand where it is manifest that the court was aware of the factual issue, that it resolved the issue, and that further explication would not facilitate appellate review." *Id*. at 134-135.

In this case, the trial court did not explicitly address defendant's self-defense claim in its verdict. However, the record shows that the trial court was aware of defendant's claim of self-defense and implicitly rejected it when it found that the prosecution had proven all of the elements of felonious assault. See *id*. at 134. Further, remanding this case "would serve no useful purpose," *id*. at 135, in light of the fact that sufficient evidence existed to prove that defendant did not act in self-defense, as discussed later in this opinion. Therefore, the trial court did not err by not explicitly addressing defendant's self-defense claim in its verdict.

III.  SUFFICIENCY OF THE EVIDENCE/GREAT WEIGHT OF THE EVIDENCE

Defendant argues that there was insufficient evidence to support the finding that defendant assaulted Douglass with a dangerous weapon or that defendant did not act in self-defense; alternatively, he argues that that his conviction was against the great weight of the evidence.  We disagree in all respects.

We review de novo challenges to the sufficiency of the evidence.  *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).  The Court must review the challenge "in the light most favorable to the prosecution to determine whether a rational tier of fact could have found that the essential elements of the crime to have been proved beyond a reasonable doubt."  *Id*.  Where a defendant has not preserved the issue by moving for a new trial on the ground that the verdict was against the great weight of the evidence, we review the issue for plain error affecting substantial rights.  *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).  Here, defendant did not preserve this issue before the trial court; we therefore review it to determine "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand."  *Id*.; see also *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  In reviewing challenges to a verdict, this Court should not interfere with the trial court's determination of fact because the trial court is in a "much better position" to assess the evidence before it.  *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992) (quotation marks and citation omitted), amended 441 Mich 1201 (1992).

In order to prove felonious assault, the prosecution must prove each of the following elements beyond a reasonable doubt: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery."  *People v Avant*, 235 Mich App 499, 504; 597 NW2d 864 (1999).  The affirmative defense of self-defense justifies criminal conduct such as felonious assault.  See *People v Guarjardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013).  A defendant has the initial burden of producing evidence at trial that a fact-finder could use to conclude that a prima facie claim of self-defense exists.  *People v Reese*, 491 Mich 127, 155-156; 815 NW2d 85 (2012).  If he does so, the prosecution then has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.  *Id*. at 155.

A.  DANGEROUS WEAPON

The evidence was sufficient for the trial court to conclude that the lath was a "dangerous weapon" under MCL 750.82(1).  The statute states that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty" of felonious assault.

Our Supreme Court has held that "dangerous weapons per se, which carry their dangerous character because so designed and are, when employed, *per se,* deadly" satisfy the second element of felonious assault.  *People v Triplett*, 499 Mich 52, 55-56; 878 NW2d 811 (2016) (quotation marks and citations omitted).  However, this Court has also stated that other objects satisfy the element of dangerous weapon if the weapon was "used as a weapon and, when so employed in an assault [was] dangerous."  *Id*. at 56 (quotation marks and citations omitted; alteration in original).  Whether an object qualifies as a dangerous weapon is a question of fact for the fact-finder.  *People*

*v Norris*, 236 Mich App 411, 415; 600 NW2d 658 (1999). "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." *Avant*, 235 Mich App at 505.

In this case, Hodges testified that the wooden laths used by the surveyors were "three feet long and probably an inch-and-a-half wide by half an inch, three-eighths thick." Hodges also testified that defendant took a "full swing" with the lath, and he heard the sound of the hit from 600 feet away. Douglass testified that defendant "swung back like a baseball bat with [the lath]" and hit him with it, and that the hit from the lath left bruises on him.

Viewing the evidence presented at trial in the light most favorable to the prosecution, the evidence was sufficient for the trial court to find that the lath was a dangerous weapon. *Meissner*, 294 Mich App at 452; see also *People v Geierman*, 493 Mich 934; 825 NW2d 582 (2013) (concluding that the evidence was sufficient to support a felonious assault conviction when the defendant threatened to strike the victims with "what appeared to be a small bat or club"); see also *People v McCadney*, 111 Mich App 545, 550; 315 NW2d 175 (1981) ("[W]e cannot say that a [3 foot] stick is not a dangerous weapon as a matter of law."). The trial court assessed the credibility of the witnesses and viewed direct evidence of the encounter. *Wolfe*, 440 Mich at 514-515. We conclude that there was sufficient evidence to conclude beyond a reasonable doubt that the lath was a dangerous weapon.

Moreover, such a conclusion was not against the great weight of the evidence. As stated earlier, the trial court, serving as the fact-finder, determines whether an object satisfies the definition of a dangerous weapon when evaluating the elements of felonious assault. *Triplett*, 499 Mich at 56. The record reveals no reason for this Court to usurp the trial court's role as fact-finder. See *People v Lemmon*, 456 Mich 625, 644 n 24; 576 NW2d 129 (1998).

## B. SELF-DEFENSE

Defendant argues that there was insufficient evidence to support the determination that he did not act in self-defense, or that such a determination was against the great weight of the evidence. We disagree.

MCL 780.972(2) governs situations that involve the use of "force other than deadly force," and provides:

> An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

Whether a defendant acted in self-defense is a question of fact. *People v Prather*, 121 Mich App 324, 330; 328 NW2d 556 (1982).

Defendant argues that he had an honest and reasonable belief that force was necessary to defend himself, but the evidence presented at trial contradicts defendant's claim of self-defense. During trial, defendant argued essentially that he hit Douglass because Douglass had surprised him and he thought he was being attacked. But defendant's testimony contradicted Hodges's and Douglass's testimony in several respects. Hodges testified that defendant and Douglass were an "arm's length" apart when defendant swung at Douglass, and Hodges and Douglass testified that Douglass simply reached for the lath and did not attempt to attack defendant after defendant pulled the lath out of the ground.

Viewing the evidence in the light most favorable to the prosecution, the trial court's implicit finding that defendant did not act in self-defense was sufficiently supported by the evidence. *Meissner*, 294 Mich App at 452. Although defendant's testimony in some respects supported his claim, the trial court was entitled to judge the credibility of the witnesses before it. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

Additionally, the verdict was not against the great weight of the evidence. The trial court's implicit rejection of defendant's self-defense claim was supported by witness testimony. Determinations of witness credibility are reserved for the trial court "[a]bsent exceptional circumstances." *Unger*, 278 Mich App at 232; see also *Lemmon*, 456 Mich at 644.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Jane M. Beckering
/s/ Mark T. Boonstra