*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN RICHARD FORTNER,

        Defendant-Appellant.

UNPUBLISHED
May 13, 2021

No. 350381
Alpena Circuit Court
LC No. 19-008819-FH

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of assault with a dangerous weapon (felonious assault), MCL 750.82, following a jury trial. The trial court sentenced defendant to 10 months' imprisonment. We affirm.

## I. BACKGROUND

This case arises out of defendant assaulting Paul and Tina Greenway (collectively, the victims) from his apartment window with his shotgun. Paul testified that he and his wife lived in a house next to defendant, who rented an apartment on the second floor. Sometime before the assault, defendant had shown Paul his shotgun, which had a flashlight attached.

On the night of the assault, the victims were in their yard, after the sun had set. They heard a big booming firework noise similar to other fireworks that were shot off earlier in the day. After that noise, Paul heard someone say, "[S]hoot that again and I'm gonna kill both of you" and "I'm gonna kill both of you fucking, motherfuckers," and he saw a light was shining on Tina's head. The light shining on Tina's head was coming from defendant's upstairs window. Tina identified defendant as the person yelling because she recognized defendant's voice. Paul did not see a gun, but he recognized the light being shined on Tina's head as being identical with the kind of light that would shine from the flashlight that was attached to defendant's shotgun. Similarly, Tina did not see defendant pointing a gun at her and Paul, but she thought that it was a gun because defendant yelled that he was going to shoot both of them. Paul responded by saying that he did not own a gun and then told Tina to duck because he thought that defendant was going to shoot them. Tina called 911 and then she and Paul ran into the house.

-1-

Police arrived and spoke with defendant. Defendant said that he heard a noise that he believed was a gunshot fired toward his apartment. Defendant told the police officers that he grabbed his shotgun that had a flashlight attached, loaded it, and pointed it out of his apartment window at the victims. A jury ultimately found defendant guilty, and this appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that his conviction of felonious assault should be overturned because there was insufficient evidence presented for a jury to find that he used a dangerous weapon and the prosecutor presented insufficient evidence to rebut his claim of self-defense.

### A. STANDARD OF REVIEW

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "When reviewing a defendant's challenge to the sufficiency of the evidence, we review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (cleaned up). The standard of review is deferential, and this Court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "A prosecutor need not present direct evidence of a defendant's guilt." *Williams*, 294 Mich App at 471. "Circumstantial evidence may sustain criminal convictions, but the circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Wang*, 505 Mich at 251 (cleaned up).

### B. ANALYSIS

#### 1. FELONIOUS ASSAULT

MCL 750.82(1) states that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony . . . ." The elements of felonious assault are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Bosca*, 310 Mich App 1, 20; 871 NW2d 307 (2015) (cleaned up). It is undisputed that a shotgun is a dangerous weapon as defined by MCL 750.82. "Felonious assault is defined as a simple assault aggravated by the use of a weapon." *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993). "An assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004) (cleaned up). "Intent may be inferred from a defendant's words, acts, means, or the manner used to commit the offense." *Bosca*, 310 Mich App at 21 (cleaned up).

Defendant argues that there was insufficient evidence to prove that he used a dangerous weapon because the victims did not see a gun. We disagree.

Although the victims testified that they did not actually see defendant with a gun, they both believed that defendant pointed a gun at them. They knew that defendant owned a gun. Defendant had shown Paul the gun with the flashlight attachment prior to the assault. Furthermore, both victims heard defendant say that he was going to shoot them. Additionally, Paul testified that he saw a light shining on Tina's head and both victims testified that they thought defendant was going to shoot them. Further, multiple police officers testified that defendant told them that he loaded his shotgun with the attached flashlight and aimed it at the victims out of his window. One of the police officers also testified that he saw the shotgun that defendant used inside defendant's home on the night of the incident and that it was loaded. Neither MCL 750.82 nor Michigan caselaw regarding felonious assault require that the victims see the dangerous weapon that defendant used. Therefore, viewing this evidence in the light most favorable to the prosecution, any trier of fact could find that defendant used a dangerous weapon when he assaulted the victims. See *Williams*, 294 Mich App at 471.

## 2. SELF DEFENSE

Defendant also argues that the prosecution failed to present sufficient evidence to disprove his claims of statutory self-defense under the Self-Defense Act (SDA), MCL 780.971 *et seq*., and common-law self-defense.

"As a general matter, a defendant who asserts the affirmative defense of self-defense admits the crime but seeks to excuse or justify its commission." *People v Triplett*, 499 Mich 52, 57; 878 NW2d 811 (2016) (cleaned up).

> At common law, the affirmative defense of self-defense justifies otherwise punishable criminal conduct . . . if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself. [*People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010) (cleaned up).]

This includes the exercise of nondeadly force. See *People v Riddle*, 467 Mich 116, 119; 649 NW2d 30 (2002). Under common-law self-defense, "unless attacked inside one's own home, or subjected to a sudden, fierce, and violent attack, a person has a common-law duty to retreat, if possible, as far as safely possible." *People v Conyer*, 281 Mich App 526, 530 n 2; 762 NW2d 198 (2008).

"With the enactment of the [SDA], the Legislature codified the circumstances in which a person may use deadly force in self-defense or in defense of another person without having the duty to retreat." *Dupree*, 486 Mich at 708. The SDA also governs self-defense with nondeadly force. Specifically, MCL 780.972(2) states:

> An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

"[O]nce a defendant satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the prosecution bears the burden of disproving the affirmative defense of self-defense beyond a reasonable doubt." *People v Rajput*, 505 Mich 7, 11; 949 NW2d 32 (2020) (cleaned up). "In general, a defendant does not act in justifiable self-defense when he or she uses excessive force or when the defendant is the initial aggressor." *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013).

In this case, the prosecution presented sufficient evidence to rebut defendant's claim of self-defense. Both common-law self-defense and the SDA require that defendant establish that he had an honest and reasonable belief that the force he used was necessary to defend himself. Although there was evidence presented that defendant may have had a belief that his force was necessary, the prosecution presented evidence that defendant's use of force was not reasonable. Namely, the victims testified that fireworks had been going off that night and that they believed the noise that they heard was a firework from a house behind defendant's apartment complex. Additionally, there was sufficient evidence presented for a trier of fact to conclude that defendant's assumption was unreasonable because Paul told defendant that he did not own a gun and also told defendant that the noise was just a firework. The jury was entitled to find the victims more credible than the other witnesses. See *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

The prosecutor presented sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that defendant was the initial aggressor or that the amount of force that defendant used was excessive and unnecessary. Therefore, when viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found that the prosecutor proved beyond a reasonable doubt that defendant did not act in self-defense.

## III. PROSECUTORIAL MISCONDUCT AND INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that his conviction should be overturned because of prosecutorial misconduct or, in the alternative, remanded for a *Ginther*[1] hearing for ineffective assistance of counsel. We disagree.

## A. STANDARD OF REVIEW

Generally, preserved "[i]ssues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). "In order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Defendant did not object to the alleged prosecutorial misconduct below. Therefore, this issue is unpreserved.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Unpreserved issues are reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Requirements for reversal under the plain-error rule are "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when "the error affected the outcome of the lower court proceedings." *Id*. The defendant bears the burden to demonstrate that an error occurred, that the error was clear or obvious, and that the error affected his or her substantial rights. *Id*. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). "Further, [this Court] cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *Id*. at 329-330.

Whether a defendant has been deprived of effective assistance of counsel is "a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Appellate courts review the trial court's factual findings for clear error, while questions of constitutional law are reviewed de novo. *Id*. A factual finding is clearly erroneous if this Court is "left with a definite and firm conviction that the trial court made a mistake." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (cleaned up). Defendant did not move for a new trial or evidentiary hearing. Therefore, our review "is limited to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

B. ANALYSIS

In general, prosecutors are given great latitude regarding their conduct and arguments during trial. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Prosecutors are "free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. (cleaned up). When reviewing closing arguments for prosecutorial error, this Court must examine the prosecutor's remarks as a whole and in context to determine if the defendant received a fair trial. *Id*. at 267.

Prosecutors may argue that a defendant's theory of the case should not be believed as long as such argument is based on the evidence. *People v Meissner*, 294 Mich App 438, 457-458; 812 NW2d 37 (2011). "A prosecutor may not make a factual statement to the jury that is not supported by the evidence, but he or she is free to argue the evidence and all reasonable inferences arising from it as they relate to his or her theory of the case." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007) (cleaned up). Additionally, an improper comment by the prosecutor may not rise to the level of an error requiring reversal if the prosecutor is responding to arguments made by defense counsel. *People v Watson*, 245 Mich App 573, 593; 629 NW2d 411 (2001).

Defendant argues that the prosecutor committed misconduct during his rebuttal closing argument. During closing arguments, defense counsel argued the following:

> But [defendant] believed, he honestly believed he was being attacked and that he was shot at. His actions were in self-defense. It's clear.

Judge Mack and, and the prosecutor (inaudible) he'll, he'll instruct you on self-defense instruction. What the law is. And specifically it states remember to judge the defendant's conduct according to how the circumstances appeared to him at the time he acted. I think it's clear from the evidence how, how it appeared to him from the time he reacted.

In a rebuttal closing argument, the prosecution responded with the following:

Just briefly. Counsel doesn't want you to remember honestly and reasonably. Just, he just wants you to think what's in the defendant's own mind. Well just because the defendant's a little bit nutty doesn't mean that you have to go along with what he believes. It's what reasonably and honestly he believed. Reasonably means reason and common sense what you would believe.

Defendant argues that the prosecution committed prosecutorial misconduct with two separate statements. First, defendant argues that the prosecution denigrated defense counsel by suggesting to the jury that defense counsel was being deceitful in its recitation of the elements for self-defense. Second, defendant argues that the prosecution denigrated defendant by suggesting that his belief was "nutty."

The prosecution was permitted to respond to defense counsel's theory of the case and argue all reasonable inferences arising from the evidence. *Meissner*, 294 Mich App at 456. The prosecutor's comments, when viewed in context, responded to defense counsel's argument. Although the prosecution's comments regarding defense counsel's reference to the elements of self-defense suggested that defense counsel was trying to distract the jury from the significant elements of self-defense, the prosecution recited the accurate elements of that defense—that defendant's belief needed to be "honest" and "reasonable." The prosecutor did not commit misconduct by reiterating the accurate elements of an affirmative defense. While the prosecution could have been more tactful, it was also permitted to argue from the facts that defendant or defendant's arguments were unworthy of belief. See *id*. at 457-458. Therefore, we reject defendant's claim of prosecutorial misconduct. Moreover, if this Court were to find that the prosecutor's statements exceeded the permissible bounds, defendant has not established that he was prejudiced. The trial court instructed the jury that the attorneys' closing arguments were not evidence. See *Callon*, 256 Mich App at 329-330; *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors.").

Defendant also argues, in the alternative, that he was denied the effective assistance of counsel because defense counsel failed to object to the alleged prosecutorial misconduct. Because we conclude that there was no prosecutorial misconduct, defendant's claim of ineffective assistance of counsel must fail. "[C]ounsel does not render ineffective assistance by failing to raise futile objections." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Further, defendant has not established that, but for counsel's alleged error, "a different result would have been reasonably probable." *Trakhtenberg*, 493 Mich at 55-56 (cleaned up). There was substantial evidence against defendant given the testimonies of the police officers and victims. Therefore, defendant's claim of ineffective assistance of counsel fails.

Affirmed.

/s/ David H. Sawyer
/s/ Cynthia Diane Stephens
/s/ /Michelle M. Rick