*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVONTE MARQUIS SQUALLS,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 353187
Wayne Circuit Court
LC No. 19-003564-01-FC

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant was convicted by a jury of voluntary manslaughter, MCL 750.321, felon in possession of a firearm, MCL 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 10 to 15 years' imprisonment for the manslaughter conviction, 3 to 5 years' imprisonment for the felon-in-possession conviction, and 2 years' imprisonment for each felony-firearm conviction. Defendant appeals by right, and we affirm.

This case arises out of the shotgun slaying of defendant's wife, Margreat Squalls. She suffered a single wound to the chest. The prosecution presented evidence that defendant and Margreat argued on the day of the shooting, that Margreat retrieved the shotgun from a bedroom and demanded that defendant leave the home, that Margreat pointed the gun at defendant and threatened to shoot him, and that defendant then grabbed the shotgun, resulting in an accidental discharge that harmed neither person. There was additional evidence that the shotgun then fell to the floor, that the two wrestled for control of the gun, that defendant struck Margreat in the head with the barrel of the shotgun while they were struggling over the firearm, that defendant was able to gain control of the gun, and that defendant next shot Margreat from a couple of feet away, killing her. The evidence discussed above came primarily from a statement defendant made to the police that was presented in the prosecutor's case-in-chief. There was also testimony by the coroner which indicated that Margreat was partially turned away from the direction of the shot, with the

-1-

shotgun spray coming from Margreat's left side and striking the lobe of her right lung.[1] Defendant took the stand on his own behalf, testifying in a manner that was fairly consistent with his statement to police, including that he wrestled the shotgun away from Margreat and then shot her. The evidence established that there were no other firearms in the house. The jury rejected defendant's claim of self-defense, but it also declined to find defendant guilty of first-degree or second-degree murder. Instead, the jury found defendant guilty of voluntary manslaughter,[2] along with the firearm offenses. Defendant now appeals.

Defendant first argues on appeal that he was denied his constitutional right to due process because the prosecution failed to present evidence sufficient to prove beyond a reasonable doubt that the killing was not committed in self-defense. In *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020), this Court articulated the well-established principles that govern our review of a sufficiency argument:

> This Court reviews de novo whether there was sufficient evidence to support a conviction. In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. The prosecution need not negate every reasonable theory of innocence; it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. All conflicts in the evidence must be resolved in favor of the prosecution. [Quotation marks and citations omitted.]

MCL 780.972 provides, in pertinent part:

> (1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:

---

[1] Defendant told the police that he fired the shotgun once, striking Margreat somewhere on the left side.

[2] The jury was instructed on the offense of voluntary manslaughter, and the verdict form referenced the crime of voluntary manslaughter. Further, the evidence supported an instruction on voluntary manslaughter, not involuntary manslaughter. During the trial, the attorneys, the judge, and the jury foreperson misspoke at times, referring to both voluntary and involuntary manslaughter. But it is clear that defendant was convicted of voluntary manslaughter.

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

Similarly, under the common law, "the killing of another person in self-defense is justifiable homicide only if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *People v Riddle*, 467 Mich 116, 127; 649 NW2d 30 (2002). Once a defendant injects the issue of self-defense and satisfies the initial burden of producing some supporting evidence, as here, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. *People v Reese*, 491 Mich 127, 155; 815 NW2d 85 (2012); *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). A determination that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally but that the circumstances of the case justified his actions. See *People v Heflin*, 434 Mich 482, 503; 456 NW2d 10 (1990). The touchstone of any claim of self-defense is necessity. *Reese*, 491 Mich at 144.

When the evidence is viewed in a light most favorable to the prosecution, a reasonable juror could have concluded beyond a reasonable doubt that defendant did not act in self-defense because defendant had gained complete control of the shotgun; Margreat had a head injury inflicted by defendant and was unarmed, and Margreat was not directly facing defendant when she was shot. Moreover, the jury may have simply determined that defendant was lying when he claimed that Margreat, not defendant, first wielded the shotgun. This is a credibility assessment that we will not second guess. Additionally, there was evidence that defendant and Margreat had been arguing and that he had sent a text message about two weeks before the shooting in which he said, referring to Margreat, that he was "tired of that fat b***h." The jury also learned that defendant was on probation for a domestic violence conviction, which the jury could consider for purposes of propensity. Further, there was evidence that defendant was upset with Margreat because she had testified against him in relation to a probation violation. This circumstantial evidence of a volatile relationship could have reasonably led the jury to conclude that defendant killed Margreat in the heat of passion, thereby explaining the voluntary manslaughter conviction. In sum, the jury could have reasonably found that defendant did not honestly or reasonably believe that he was in imminent danger of great bodily harm or death when he shot Margreat. We therefore hold that there was sufficient evidence to support the conviction of voluntary manslaughter.

Defendant next contends that the verdicts were against the great weight of the evidence because the evidence demonstrated that he shot Margreat in self-defense and that he only temporarily possessed the shotgun as was necessary to protect himself from death or serious physical harm.

Defendant has failed to demonstrate that the evidence showing that he committed the offenses contradicted indisputable physical facts or law, was patently incredible, defied physical realities, was so inherently implausible that a reasonable juror could not believe the evidence, or was so seriously impeached that it was deprived of all probative value. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998); *People v Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015). Because there were no exceptional circumstances as necessary to support a great-weight argument, and because any issues regarding the credibility of witnesses and the resolution of

conflicting testimony were for the jury to determine, not this Court, reversal for new trial is unwarranted. *Lemmon*, 456 Mich at 642-643. The evidence did not preponderate so heavily against the verdicts that it would be a miscarriage of justice to allow the verdicts to stand. *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003). As indicated earlier, there was evidence that plainly supported a conclusion that defendant did not act in self-defense. Accordingly, the verdicts were not against the great weight of the evidence.

Nevertheless, with regard to the felon-in-possession conviction, a little more discussion is necessary. Michigan law recognizes that "self-defense [is] an available affirmative defense to a felon-in-possession charge under MCL 750.224f when the felon's temporary possession of a firearm was the result of an attempt to repel an imminent threat." *People v Triplett*, 499 Mich 52, 57; 878 NW2d 811 (2016). Although the jury determined that defendant did not act in self-defense when discharging the shotgun, the evidence suggested that defendant had the right to possess the shotgun after a struggle with Margreat, who had pointed the weapon at defendant and threatened to shoot him. Indeed, even had defendant not shot Margreat, it would have made sense for him to have retained possession of the shotgun and placed it somewhere out of Margreat's reach. There was no direct evidence that on the day of the shooting defendant possessed the shotgun before Margreat handled the weapon or that defendant alone possessed the gun. But it is possible that the jury did not find defendant's version of events credible, in which case the jury may have concluded that defendant initially or solely possessed the gun. These credibility issues were for the jury.

Despite our concerns, reversal of the felon-in-possession conviction is not warranted. Defendant admitted that shotgun shells were kept in a nightstand on his side of the couple's bed. Defendant and the prosecutor then engaged in the following colloquy regarding defendant's access to the gun:

> *Q.* All right. But she kept the gun over there on her side?
>
> *A.* Yes.
>
> *Q.* You knew where it was?
>
> *A.* Yes.
>
> *Q.* You had access to it?
>
> *A.* Yes.
>
> *Q.* Had you ever touched the gun before?
>
> *A.* Yes I touched it before.
>
> *Q.* All right. You held it in your hands?
>
> *A.* Yes.
>
> *Q.* While you were on probation; correct?

*A.* Well, I had to get into the house, I moved it, yes.

*Q.* Okay. So you possessed that gun knowing that you were a felon?

*A.* Only for protection.

*Q.* Okay.

*A.* I didn't buy it.

Accordingly, we cannot conclude that the jury's finding that defendant was guilty of being a felon in possession of a firearm was against the great weight of the evidence. And because there is no basis for reversal of the manslaughter and felon-in-possession convictions, we also hold that the associated felony-firearm convictions were not against the great weight of the evidence.

Defendant next argues that trial counsel was ineffective for failing to raise the defense of "temporary innocent possession" to the felon-in-possession and associated felony-firearm charges. We first note that the "momentary innocent possession" defense is now defunct. *Dupree*, 486 Mich at 711. Defendant's argument, however, is essentially that counsel should have raised the defense of self-defense to the charge of felon-in-possession, which, as mentioned earlier, is a valid theory of defense in regard to such a charge. But on review of the record, we find that defense counsel did present a self-defense argument in connection with the felon-in-possession charge. And the jury was instructed that defendant was not guilty of felon-in-possession if he possessed the shotgun only as necessary "to act in lawful self-defense." We are not prepared to conclude that defense counsel was ineffective for failing to more vigorously argue self-defense in relation to the charge of felon-in-possession. Understandably, counsel was much more focused on defending against the charge of first-degree murder, which he successfully accomplished. Furthermore, as discussed earlier, there was evidence that defendant possessed the shotgun outside of the incident surrounding the shooting. Additionally, the jury rejected the claim of self-defense with respect to the homicide charge. In sum, defendant has failed to demonstrate deficient performance by counsel or the requisite prejudice. See *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).

Finally, defendant maintains that the prosecutor engaged in misconduct by remarking to the jury that defendant was a liar. In *People v Dobek*, 274 Mich App 58, 63-64; 732 NW2d 546 (2007), this Court explained the general principles regarding prosecutorial misconduct:

Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial. A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence. Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context. The propriety of a prosecutor's remarks depends on all the facts of the case. A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial. [Quotation marks and citations omitted.]

Because this issue is unpreserved, our review is for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

A prosecutor may not vouch for the credibility of a witness by implying that he or she has some special knowledge that the witness is testifying truthfully. *Dobek*, 274 Mich App at 66. A prosecutor is, however, permitted to argue from the facts and testimony that a witness is credible or worthy of belief. *Id.* Likewise, a prosecutor can argue from the evidence that a defendant was not being truthful. See *People v Howard*, 226 Mich App 528, 548; 575 NW2d 16 (1997) (concluding that a prosecutor's statements during closing argument that characterized the defendant as a "liar" were not improper where this Court found that "the challenged remarks regarding defendant were made in reference to the testimony and evidence presented at trial" and that "[t]he prosecutor was advancing his position that various claims made by defendant were not credible in light of contradictory evidence adduced at trial").

During closing argument in this case, the prosecutor argued that defendant lied when he testified that Margreat racked the shotgun after the gun discharged the first time and before Margreat was shot. Defendant contends that the prosecutor crossed a line by arguing that defendant lied during his testimony. The prosecutor asserted that defendant was lying about Margreat racking the shotgun a second time because that testimony was inconsistent with other trial evidence. Specifically, the prosecutor maintained that defendant's testimony was inconsistent with defendant's earlier statement to police and inconsistent with the physical evidence, i.e., the location of the spent shotgun shell. Accordingly, the prosecutor was simply arguing from the facts and evidence that defendant was not worthy of belief. And a prosecutor "need not confine argument to the blandest possible terms." *Dobek*, 274 Mich App at 66. Therefore, there was no prosecutorial misconduct.

We affirm.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Christopher M. Murray

-6-