*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 18, 2024

Plaintiff-Appellee,

v

No. 364585
Macomb Circuit Court

ROBERT OMAR CHIBIB,

LC No. 2021-001809-FH

Defendant-Appellant.

Before: RIORDAN, P.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of discharge of a firearm in or at a building causing injury, MCL 750.234b(3); two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and assault with a dangerous weapon (felonious assault), MCL 750.82. Defendant was sentenced to serve 2 to 15 years' imprisonment for discharge of a firearm in a building causing injury; 2 years' imprisonment for each felony-firearm conviction; and 2 to 4 years' imprisonment for felonious assault. We affirm.

## I. BACKGROUND

This case began with a dispute regarding a $30,000 loan that the victim made to defendant. After growing frustrated with defendant's ongoing failure to repay the loan, the victim confronted defendant at his store. It is undisputed that a heated argument ensued, that defendant pulled a gun and fired it multiple times, that one of the bullets ricocheted into the victim's leg, and that the victim was unarmed. Defendant advanced a self-defense theory, suggesting that the victim's angry

demeanor and prior threats of violence caused defendant to reasonably believe that when the victim reached into his pocket he had a gun.[1]

## II. DISCUSSION

Defendant's sole contention on appeal is that the prosecution did not offer evidence sufficient to prove beyond a reasonable doubt that he did not act in self-defense. We disagree.

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019).

"Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt." *People v Tombs*, 260 Mich App 201, 206-207; 679 NW2d 77 (2003). To decide "whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992). It is the jury's job to assess the credibility of witnesses, *People v Odom*, 276 Mich App 407, 419; 740 NW2d 557 (2007) (quotation marks and citation omitted), and the "jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (quotation marks, citation, and alteration omitted).

Defendant argues that he acted in self-defense.[2] "As a general matter, a defendant who asserts the affirmative defense of self-defense admits the crime but seeks to excuse or justify its commission." *People v Triplett*, 499 Mich 52, 57; 878 NW2d 811 (2016) (quotation marks and citation omitted). An individual who is not the aggressor may use a reasonable amount of force against an adversary when he or she reasonably believes that he or she is in "immediate danger of unlawful bodily harm" and "that the use of such force is necessary to avoid this danger." *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010) (quotation marks and citation omitted). "Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *People v Fortson*, 202 Mich App 13, 20; 507 NW2d 763 (1993). A victim's testimony can, on its own, be sufficient to prove a crime beyond a reasonable doubt. See *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010).

In this case, the victim's testimony was sufficient to prove beyond a reasonable doubt that defendant did not act in self-defense. The victim testified that he went to defendant's store to confront him about the unpaid loan. The victim began discussing the matter with defendant, got angry, and began to yell at him. Defendant then began yelling at the victim to leave and threatening to kill him. At this point, according to the victim, defendant took out a gun and aimed it at the

---

[1] Another person was present at the store, but defendant and the victim left the area where this witness was located prior to the shooting. The witness corroborated that the two were arguing, and he heard the gunshots; however, he did not see what happened.

[2] Defendant only cites common law self-defense, not the Self-Defense Act, MCL 780.971 *et seq*.

victim. Defendant fired a shot, the victim began to run away, and defendant fired a second shot, which ricocheted and hit the victim's foot. The victim testified that the two were 15 to 20 feet apart while they were arguing, that his hands were visible during the entire exchange, that he never gestured in a way suggesting he had a gun, and that he tried to flee after the first shot was fired. It is true that defendant's testimony suggested that he reasonably believed he was in danger because the victim had previously made threats, was furious, and seemed to be reaching for a gun; however, the jury was free to disbelieve this testimony and to believe the victim.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado