*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RAYMOND LOUIS TREADWAY,

Defendant-Appellant.

UNPUBLISHED
October 22, 2024
12:50 PM

No. 366323
Jackson Circuit Court
LC No. 2022-001102-FH

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant was convicted by a jury of domestic violence, third offense, MCL 750.81(2) and (5), as a fourth-offense habitual offender, MCL 769.12, but was acquitted of assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant to serve 76 to 240 months in prison for his conviction. Defendant appeals as of right, and for the reasons set forth in this opinion, we affirm defendant's conviction but vacate defendant's sentence and remand for resentencing.

## I. FACTS

Defendant and the victim had been dating and living together for almost two years when they had an argument. Defendant threatened her, hit her in the face with either an open or closed fist, and struck her across the back multiple times with what was described as a flexible, thin, orange, "construction rod."[1] As the altercation continued, and while the victim was on the floor, defendant stomped on her leg and face.

Defendant was convicted and sentenced as stated above and now appeals as of right.

---

[1] It is entirely unclear from the record what this object actually was.

## II. SPECIFIC UNANIMITY JURY INSTRUCTION

According to defendant, the trial court erred by not providing the jury with a specific unanimity jury instruction when the prosecution presented evidence that defendant both assaulted and battered the victim, either of which would have satisfied an element of domestic violence. As a result, the jury could have been split on which factual basis it found supported defendant's conviction. Defense counsel was, according to defendant, also ineffective for failing to request the specific unanimity instruction.

At trial, defense counsel stated there were no objections to the proposed jury instructions; therefore, defendant's substantive argument is waived. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000); *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002). Therefore, we will focus on defendant's alternative argument that defense counsel was ineffective. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). When "claims of ineffective assistance of counsel have not been preserved," or when no hearing was held in the trial court, "our review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

"Criminal defendants are entitled to the assistance of counsel under both the Michigan and United States Constitutions. Const 1963, art 1, § 20; US Const, Am VI. This right guarantees the effective assistance of counsel." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023), citing *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

> To prevail on a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. [*People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016).]

" 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Ackley*, 497 Mich 381, 389; 870 NW2d 858 (2015), quoting *Strickland*, 466 US at 694.

"Trial counsel's failure to request a jury instruction may constitute an unreasonably deficient level of performance." *Yeager*, 511 Mich at 490. As this Court has summarized:

> A criminal defendant is entitled to have a properly instructed jury consider the evidence against [her]. The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them. When a defendant requests a jury instruction on a theory or defense that is supported by the evidence, the trial court must give the instruction. [*People v Thorne*, 322 Mich App 340, 347-348; 912 NW2d 560 (2017) (quotation marks and citations omitted; alteration in original).]

During opening statements, while discussing the elements of domestic violence, the prosecution explained to the jury the distinction between an assault and a battery, and asserted that the evidence would establish that defendant both put the victim in fear of a battery, and actually touched the victim, thereby satisfying *both* assault and battery for the purposes of domestic violence. During closing arguments, the prosecution reiterated that the evidence established that defendant both assaulted and battered the victim during the same incident. The jury was generally instructed, both during preliminary and final instructions, that the verdict needed to be unanimous, but the jury was not instructed that unanimity was required on whether defendant assaulted, or battered, the victim. Defense counsel did not request such an instruction.

"When a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *People v Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307 (1991).

> Our Supreme Court has found that cases in which "more than one act is presented as evidence of the actus reus of a single criminal offense" are "analytically distinct" from cases like the one before us today, in which defendant may be properly convicted on multiple theories that represent the same element of the offense. [*People v Chelmicki*, 305 Mich App 58, 68; 850 NW2d 612 (2014), quoting *People v Cooks*, 446 Mich 503, 512; 521 NW2d 275 (1994).]

The offense of domestic violence occurs when "an individual . . . assaults or assaults and batters . . . an individual with whom the individual has or has had a dating relationship . . . or a resident or former resident of the individual's household . . . ." MCL 750.81(2). The plain language of MCL 750.81(2) makes clear that it provides alternative methods of establishing elements of domestic violence, and does not create distinct offenses; therefore, a specific unanimity jury instruction was not warranted. Because no specific unanimity instruction was required, "it necessarily follows that defendant's claim of ineffective assistance of counsel must fail because defense counsel is not required to make a meritless request or objection." *Chelmicki*, 305 Mich App at 69.

## III. VICTIM'S CREDIBILITY

Defendant next argues that the trial court erred by excluding from evidence an incident of the victim allegedly being dishonest with the district court regarding her state of inebriation, which defendant asserts calls into question her credibility. Alternatively, defendant asserts that his counsel was ineffective for failing to properly frame her objection.

It was asserted before the trial court that the victim had arrived for the originally scheduled preliminary hearing at the district court in a state of inebriation, which she allegedly denied to the district court, but was found to have a 0.22% blood alcohol level. At the subsequently held preliminary examination, the victim admitted that she *had* been intoxicated and dishonest about it. The trial court excluded this incident from evidence, finding that the matter was not relevant and had no bearing on whether she was the victim of domestic violence.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion, which occurs when its decision falls outside the range of principled outcomes. *People v Feezel*,

486 Mich 184, 192; 783 NW2d 67 (2010). If a reviewing court concludes that the trial court erred, the verdict cannot be reversed "unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCL 769.26. "In examining whether a miscarriage of justice occurred, the relevant inquiry is the effect the error had or reasonably may be taken to have had upon the jury's decision." *Feezel*, 486 Mich at 192 (quotation marks and citations omitted). "If the evidentiary error is a nonconstitutional, preserved error, then it is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative." *Id*. (quotation marks and citation omitted). "An error is outcome determinative if it undermined the reliability of the verdict; in making this determination, this Court should focus on the nature of the error in light of the weight and strength of the untainted evidence." *Id*. (quotation marks and citation omitted).

At the time of trial, MRE 401 provided: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2] "Credibility of a witness is almost always at issue, and, thus, evidence bearing on that credibility is always relevant." *People v Spaulding*, 332 Mich App 638, 660; 957 NW2d 843 (2020). Therefore, to the extent that the trial court ruled that the victim's dishonesty regarding her intoxication in court was not admissible at trial solely on the ground that it was irrelevant, it erred.

Regardless, the evidence of the victim's dishonesty was not outcome-determinative given the overwhelming evidence against defendant, and the subject matter of the victim's dishonesty. As noted, the victim testified at trial how defendant repeatedly hit her during the incident, including with his hands, feet, and the "construction rod." The victim's testimony was corroborated by the police officers who took her statement the following day and by the photographs of her injuries that were also shown to the jury. Defendant's prior convictions for domestic violence were also introduced into evidence. Although the victim was dishonest to the district court about her state of inebriation, that dishonesty on an unrelated matter does not overcome the combined weight of her testimony regarding the assault at issue, the physical evidence of her injuries, and defendant's prior domestic-violence convictions. Therefore, the reliability of the verdict was not undermined as the trial court did not commit an outcome-determinative error. See *Feezel*, 486 Mich at 192.[3]

---

[2] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). We rely on the version of the rules in effect at the time of trial.

[3] Regarding defendant's assertion that defense counsel was ineffective for failing to argue MRE 401, the prosecution, trial court, *and* defense counsel all addressed the relevance of the victim's earlier dishonesty to the district court under MRE 401. Defense counsel cannot be ineffective for actually arguing a matter that defendant now claims went unaddressed.

IV. DEFENDANT'S RIGHT TO PRESENT A DEFENSE

Using these same facts, defendant argues that the trial court also denied him his right to present a defense when it excluded from evidence the victim's dishonesty about her level of intoxication at the hearing before the district court.

This Court generally reviews de novo whether a defendant was denied the constitutional right to present a defense. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). However, when an issue alleging constitutional error is not preserved, this Court reviews the issue for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

As this Court has summarized:

> Few rights are more fundamental than that of an accused to present evidence in his or her own defense. Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. This Court has similarly recognized that a criminal defendant has a state and federal constitutional right to present a defense. [*People v Unger*, 278 Mich App 210, 249-250; 749 NW2d 272 (2008) (quotation marks and citations omitted; alteration incorporated).]

However, the right to present a defense is not absolute, and that right is not infringed by, for example, MRE 402's prohibition of admitting irrelevant evidence. *Id*. at 250. "Accordingly, the right to present a defense extends only to relevant and admissible evidence." *Solloway*, 316 Mich App at 198 (quotation marks and citation omitted). Even when a trial court has erred by excluding evidence, a defendant must nonetheless satisfy the plain-error standard in order to establish that his right to present a defense was infringed. *Id*. at 198-200. As already addressed, defendant cannot establish that this error was outcome-determinative; therefore, he cannot establish that his right to present a defense was infringed. See *Carines*, 460 Mich at 763-764.

V. DEFENDANT'S PRIOR DOMESTIC-VIOLENCE CONVICTIONS

For his next argument, defendant asserts that the trial court erred by admitting into evidence his prior domestic-violence convictions, asserting that admission of the evidence was unfairly prejudicial pursuant to MRE 403, and warrants a new trial.

Subject to certain restrictions, MCL 768.27b(1) allows the admission of "evidence of the defendant's commission of other acts of domestic violence" "in a criminal action in which the defendant is accused of an offense involving domestic violence," "if it is not otherwise excluded under Michigan rule of evidence 403." "Thus, prior-bad-acts evidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history tends to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (quotation marks and citation omitted; alteration incorporated). As this Court has noted:

> Accordingly, this Court must make two distinct inquires under the balancing test of MRE 403. First, this Court must decide whether introduction of

[a defendant's] prior-bad-acts evidence at trial was unfairly prejudicial. Then, this Court must apply the balancing test and weigh the probativeness or relevance of the evidence against the unfair prejudice. Upon completion of this second inquiry, this Court can determine whether the trial court abused its discretion in allowing [the defendant's] prior bad acts into evidence.

* * *

The "unfair prejudice" language of MRE 403 refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock. Moreover, admission of evidence is unfairly prejudicial when the danger exists that marginally probative evidence will be given undue or preemptive weight by the jury. [*Id.* at 611 (quotation marks and citations omitted; alterations incorporated).]

Evidence of a defendant's prior domestic-violence convictions is damaging and prejudicial, "as is most evidence presented against a criminal defendant," but evidence of the prior convictions (absent additional graphic or violent detail) is "by no means inflammatory" or unfairly prejudicial. *People v Railer*, 288 Mich App 213, 220-221; 792 NW2d 776 (2010).

The trial court admitted into evidence certified copies of public records showing the existence of defendant's prior domestic-violence convictions from 2020, 2019, and two from 2018. The victim in each incident was the same and was allegedly deceased at the time of trial. No other details about those incidents were presented to the jury. But a certified conviction provides reliable evidence that the other-acts occurred. *People v Duenaz*, 306 Mich App 85, 101; 854 NW2d 531 (2014). Although the trial court did not engage in an evaluation of MRE 403 when it admitted these convictions into evidence, defendant's prior convictions, absent any additional detail, cannot be said to have adversely affected defendant's position by injecting bias, sympathy, anger, or shock, see *Cameron*, 291 Mich App at 611, or by causing "unfair prejudice, confusion of the issues, or [by] misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," MRE 403. Indeed, defense counsel herself stated at trial that "[w]e don't know what the circumstances were there; we don't know what the situation was." Similar to *Duenaz*, 306 Mich App at 101, "although the details of the crimes cannot be compared, . . . the trial court did not abuse its discretion by admitting the evidence" under MCL 768.27b(1).

VI. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel was ineffective in two additional respects. In considering these arguments, we are mindful that counsel's performance should be evaluated without the benefit of hindsight, and a defendant must overcome a strong presumption that counsel's actions constituted sound trial strategy. *Solloway*, 316 Mich App at 188. "Generally, attorneys are given broad latitude to determine trial strategy, and there is a strong presumption that counsel's performance was born from sound strategy. However, counsel's strategic decisions must be objectively reasonable." *Yeager*, 511 Mich at 488, citing *Strickland*, 466 US at 689-690, and *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012).

## A. FAILURE TO OBJECT TO PHOTOGRAPHS

Defendant argues that defense counsel was ineffective for failing to object to the admission of photographs of the victim's injuries because their poor quality and depiction of injuries from the prior week misled the jury, they were overly cumulative because witnesses otherwise testified about the victim's injuries, the photographs contained the wrong date stamp, and the photographs were in general unfairly prejudicial.

With respect to the admission of photographic evidence, this Court has stated that:

All relevant evidence is prejudicial to some extent. Exclusion is required under MRE 403 only when the danger of unfair prejudice substantially outweighs the probative value of the evidence. Thus, photographic evidence is generally admissible as long as it is relevant, MRE 401, and not unduly prejudicial, MRE 403. Consequently,

> photographs that are merely calculated to arouse the sympathies or prejudices of the jury should not be admitted. However, if a photograph is otherwise admissible for a proper purpose, it is not rendered inadmissible merely because it brings vividly to the jurors the details of a gruesome or shocking accident or crime.

Photographs may be used to corroborate a witness's testimony, and gruesomeness alone need not cause exclusion. Photographs depicting the nature and extent of a victim's injuries may be probative of the defendant's mental state. [*People v Head*, 323 Mich App 526, 541; 917 NW2d 752 (2018) (quotation marks and citations omitted; alterations incorporated).]

The photographs were taken by Jackson Police officers who testified that the date function on the camera was never adjusted. The photographs were used to corroborate the victim's testimony, and the victim explained that portions of her injuries were the result of defendant assaulting her the preceding week. Those photographs did not contain any gruesome content that would come close to causing shock or prejudice to the jury. Although prejudicial to defendant, as most evidence against any defendant typically is, these photographs were not unfairly prejudicial and were otherwise admissible. Defense counsel was not ineffective for failing to raise a meritless objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

## B. FAILURE TO OBJECT TO OFFENSE VARIABLE 4

Turning away from trial and focusing on his sentence, defendant argues that his counsel was ineffective for failing to object to an assessment of 10 points under OV 4 when no evidence was presented that the victim suffered a psychological injury.

The scoring of a defendant's sentencing guidelines must be supported by a preponderance of the evidence. *People v Dixon*, 509 Mich 170, 177; 983 NW2d 385 (2022). When the sentencing

guidelines range is incorrectly assessed, and that error alters the guidelines range, a defendant is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

OV 4 concerns a victim's psychological injury. MCL 777.34. As the prosecution concedes,[4] there is no evidence in the record that the victim suffered a psychological injury as a result of this incident. Because of this lack of evidence, the trial court clearly erred when it assessed 10 points, instead of 0 points, for OV 4, see *People v Hicks*, 259 Mich App 518, 534-535; 675 NW2d 599 (2003), and defense counsel was ineffective for failing to object.

With OV 4 reduced to zero points, defendant's total OV score would be reduced from 75 to 65 points, thereby lowering his OV level from VI to V, which lowers defendant's minimum sentencing guidelines range to 22 to 76 months. See MCL 777.66 and MCL 769.12. Because this correction alters defendant's minimum sentencing guidelines range, resentencing is required. See *Francisco*, 474 Mich at 92.

## VII. OFFENSE VARIABLE 1

Defendant raises another sentencing related issue, though this one is direct. Specifically, he argues that because he was acquitted of felonious assault, i.e. assault with a dangerous weapon, *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019), and its prohibition of considering acquitted conduct at sentencing, precluded an assessment of 10 points for aggravated use of a weapon under OV 1, MCL 777.31. We agree.

"This Court reviews for clear error a trial court's findings in support of a particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). Clear error exists when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019).

In *Beck*, 504 Mich at 629, the Supreme Court held "that due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted," reasoning:

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. [*Id*. at 626.]

---

[4] "[T]his Court is, of course, not bound to accept such a concession." *People v Novak*, 489 Mich 941, 942; 798 NW2d 17 (2011) (MARKMAN, J., concurring) (quotation marks and citation omitted). But a review of the record supports the concession.

In an effort to aid in the application of *Beck*, this Court endorsed the rational-jury approach, stating:

> [U]nder the rational-jury approach, the sentencing court could consider facts and circumstances that were not, in a practical sense, put in dispute at trial, as long as those facts and circumstances were otherwise consistent with the jury's acquittal on a particular charge. Moreover, if a specific fact or circumstance was relevant to both the acquitted charge and the convicted charge—i.e., if there was an overlap of relevant conduct—then the trial court could consider that fact or circumstance when sentencing on the convicted charge. [*People v Brown*, 339 Mich App 411, 425; 984 NW2d 486 (2021).]

For the reasons below, the trial court's assessment of 10 points for OV 1 runs afoul of *Beck*. "OV 1 is an 'offense-specific' variable; therefore, in scoring OV 1, the trial court [is] limited to 'considering the sentencing offense alone.' " *Chelmicki*, 305 Mich App at 72, quoting *People v McGraw*, 484 Mich 120, 127; 771 NW2d 655 (2009). Here, defendant was convicted of domestic violence, which does not require the use of a weapon,[5] but was acquitted of felonious assault, which does. A felonious assault occurs when a person (1) assaults another person, (2) "with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, *or other dangerous weapon*," (3) without intent to kill them or inflict great bodily harm less than murder. MCL 750.82(1) (emphasis added).

Nevertheless, the trial court assessed 10 points for OV 1 on the basis that "[t]he victim was touched by *any other type of weapon*[.]" MCL 777.31(1)(d) (emphasis added). In response to defendant's scoring challenge at sentencing, the prosecution argued that, although the crime of felonious assault required a defendant to possess a "dangerous weapon," OV 1 merely required that a defendant use a "weapon." The trial court upheld the assessment of 10 points for OV 1, finding that defendant had "smacked [the victim], stomped on her, struck her multiple times and the jury was unclear as to whether or not it was a dangerous weapon."

Our Supreme Court has identified two types of "dangerous weapons"—those that are dangerous "per se, which carry their dangerous character because so designed and are, when employed, *per se* deadly," *People v Triplett*, 499 Mich 52, 55-56; 878 NW2d 811 (2016), and "other instrumentalities [that] are not dangerous weapons unless turned to such purpose," *id.* at 56 (quotation marks and citation omitted). "[T]he test to determine if an instrument is an 'other dangerous weapon' is whether the instrumentality was used as a weapon and, when so employed in an assault, [was] dangerous." *Id.* (quotation marks and citation omitted; second alteration in original).

The Model Criminal Jury Instructions for felonious assault include both types of dangerous weapons. There, a dangerous weapon is defined as "any instrument that is used in a way that is

---

[5] The elements of domestic violence are "(1) the commission of an assault or an assault and battery and (2) a dating relationship between the parties." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011); MCL 750.81(2).

likely to cause serious physical injury or death." M Crim JI 17.8; M Crim JI 17.9(5). M Crim JI 17.9(5) goes on to explain that:

> Some objects, such as guns or bombs, are dangerous because they are specifically designed to be dangerous. Other objects are designed for peaceful purposes but may be used as dangerous weapons. The way an object is used or intended to be used in an assault determines whether or not it is a dangerous weapon. If the defendant threatened to use an object or uses an object in a way that was likely to cause serious physical injury or death, it was a dangerous weapon.

As a result, the jury was instructed that it must determine whether the prosecution proved beyond a reasonable doubt that defendant possessed a "dangerous weapon" during the course of the assault.

Additionally, "[b]oth types of objects qualify as 'weapons' under MCL 777.31." *People v Bosca*, 310 Mich App 1, 50; 871 NW2d 307 (2015), rev'd in part on other grounds by 509 Mich 851 (2022), citing *People v Lange*, 251 Mich App 247, 256-257; 650 NW2d 691 (2002). In *Lange*, 251 Mich App at 256-257, this Court cited *People v Vaines*, 310 Mich 500, 505-506; 17 NW2d 729 (1945), for the definition of "other dangerous weapon" as "any concealed article or instrument which the carrier used . . . as a weapon for body assault or defense." The Court then went on to cite a dictionary definition of weapon to conclude that "[a]pplying the dictionary definition to MCL § 777.31(1)(c), it is clear that ten points are to be scored when the 'victim was touched by any other [instrument or device used for attack . . . in a fight or in combat].' " *Lange*, 251 Mich App at 257.

From the above, it appears the lines are somewhat blurred between what constitutes a dangerous weapon for purposes of felonious assault, and "any other weapon" for scoring OV 1. There may be some meaningful distinction between the two. Regardless, here, we still hold that the trial court clearly erred when it assessed 10 points for OV 1. We cannot be sure, as the prosecution asserts, that "the trial court's determination that defendant touched the victim with an instrument used for attack was consistent with the jury's acquittal of the assault with a dangerous weapon charge." The prosecution argues that the jury's verdict demonstrates it did not believe the object used in the assault qualified as a *dangerous* weapon, but the jury may have instead believed defendant did not use a weapon at all. Indeed, the evidence at trial supported defendant's conviction of domestic violence even if the jury believed he did not possess or use a weapon. Or, the jury may have determined defendant did not have the requisite intent for a felonious assault conviction.

Nevertheless, in *People v Stokes*, 333 Mich App 304, 309; 963 NW2d 643 (2020), this Court interpreted *Beck* to conclude that "a sentencing court must consider a defendant as having undertaken no act or omission that a jury could have relied upon in finding that the essential elements of any acquitted offense were proved beyond a reasonable doubt." Again, the jury here could have acquitted defendant of felonious assault for various reasons, including on the basis of reasonable doubt that defendant assaulted the victim with a dangerous weapon, which is an essential element of felonious assault. In accordance with *Beck* and *Stokes*, then, the trial court clearly erred when it considered evidence that defendant used a weapon—the "construction rod"—to assess 10 points for OV 1.

-10-

As the trial court clearly erred when it assessed 10 points, instead of 0 points, for OVs 1 and 4, and because these corrections alter defendant's minimum sentencing guidelines range, resentencing is required. We, therefore, vacate defendant's sentence and remand for resentencing consistent with this opinion. Defendant's conviction is affirmed.

We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica